IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ERNEST GLENN MOODY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:10-CV-0230 |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
TO REVERSE DECISION OF THE COMMISSIONER and
REMAND FOR FURTHER PROCEEDINGS**

Plaintiff ERNEST GLENN MOODY brings this cause of action pursuant to 42 U.S.C. § 405(g), seeking review of a final decision of defendant MICHAEL J. ASTRUE, Commissioner of Social Security (Commissioner), denying plaintiff's application for disability insurance benefits (DIB). Both parties have filed briefs in this cause. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge recommends the Commissioner's decision finding plaintiff not disabled and not entitled to benefits be REVERSED.

I.
THE RECORD

Plaintiff filed an application for DIB on July 24, 2007 seeking disability benefits from July 1, 1989, his alleged onset date,[1] through June 30, 1996, the date he was last insured. (Tr.

---

[1] A prior application for DI/DIB was denied on July 28, 1992. The Field Office recommended petitioner's onset date be July 29, 1992. (Tr. 103).

51; 57-59).  Plaintiff alleged his ability to work is limited by high blood pressure, an enlarged heart, chronic obstructive pulmonary disorder (COPD), sleep apnea, two (2) "tearated discs in spine," and "chronic crippling arthritis."  (Tr. 90-92; 107-13).  Plaintiff averred he cannot lift over 25 pounds, cannot sit or stand very long or walk very far, has to lay down a lot and frequently has trouble breathing.  (Tr. 108).  In a Reconsideration Disability Report, plaintiff added "emotional distress which goes with his depression" beginning in 2007, a date after his last insured date.  (Tr. 72-78).  Plaintiff noted he completed the 9th grade in school, and identified past work as a truck driver/delivery man.  (Tr. 82-89; 93-102; 112).

The Social Security Administration denied benefits initially and upon reconsideration.  (Tr. 21-22; 30-33; 37-41).  An administrative hearing was held before an Administrative Law Judge (ALJ) on March 2, 2010.  (Tr. 787-805).  At the beginning of the hearing, the ALJ noted plaintiff's attorney was in the process of seeking additional documents from the United States Department of Veteran Affairs (VA).  (Tr. 789).  Plaintiff's attorney specifically requested the record remain open after the hearing in order to supplement the record with documents obtained from the VA relative to plaintiff's disability.

At the hearing, plaintiff testified to his limitations from his back pain and COPD that existed prior to June 30, 1996, the date he was last insured.  (Tr. 791-98).  Plaintiff also testified the VA had determined he is disabled and that he began receiving medical treatment at the VA after this disability finding.  (Tr. 795, 799).  The ALJ did not question plaintiff concerning the VA findings or disability rating.  At the close of the hearing the ALJ advised plaintiff's attorney to submit the VA documents noting they would "be a critical part in this case."  (Tr. 803-04).

Prior to the ALJ making a final decision in this case, plaintiff supplemented the record

with the VA records discussed during the hearing. (Tr. 401). The VA records reflect that on July 23, 1994, plaintiff was granted a non-service-connected disability pension by the VA. (Tr. 404-07; 565-68). Plaintiff was found to have a 40% disability due to degenerative disc disease and a 10% disability due to hypertension, for a combined non-service connected rating of 50%. (Tr. 406; 567). However, in the "Reasons and Bases" section of the form wherein the VA granted plaintiff a disability pension, the VA stated:

> The veteran, age 48, stated he last worked in 7-16-92 as a mechanic. Records show the veteran has a 9th grade education. The evidence does not demonstrate that the veteran meets the schedular requirements of a single disability ratable at 60 percent or more, or two or more disabilities combining to 70 percent with at least one ratable at 40 percent. Considering the level of disability and other factors, such as, the veteran's age, education and occupational background, an extraschedular *permanent and total disability rating* is authorized.

(Tr. 407; 568) (emphasis added). Plaintiff's award was retroactively effective December 1, 1993. (Tr. 404; 565).

On May 13, 2010, the ALJ rendered an unfavorable decision, finding plaintiff not disabled and not under a disability as defined by the Social Security Act at any time from July 1, 1989, his alleged onset date, through June 30, 2006, the date plaintiff was last insured. (Tr. 11-19). Despite his earnings in 1990 and 1991, the ALJ assumed plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 13). The ALJ determined plaintiff has a severe medical impairment or combination of medical impairments, *viz.*, chronic obstructive pulmonary disorder ("COPD") and degenerative disc disease of the lumbar spine. (Tr. 13). The ALJ determined, however, that plaintiff's impairments did not meet or equal any listed impairment.[2] The ALJ found that, through the date last insured, plaintiff retained the

---

[2] The ALJ noted plaintiff "did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." (Tr. 14).

residual functional capacity (RFC) – the most an individual can still do after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks – to perform a restricted range of light work, limited by "no concentrated exposure to dusts, fumes, smoke and gases." (Tr. 14-17). In his discussion supporting his RFC finding, the ALJ noted simply that "the VA found him [plaintiff] disabled in 1993." (Tr. 15). Based upon his RFC finding that plaintiff can perform no more than a reduced range of light work, the ALJ found plaintiff unable to perform his past relevant work as a truck driver. (Tr. 17).

The ALJ noted plaintiff was 50 years old on the date he was last insured, defined as an individual closely approaching advanced age, and has a limited education, but possesses the ability to communicate in English. (Tr. 17). The ALJ noted plaintiff's inability to perform all or substantially all of the requirements of light work was impeded by additional limitation, thus, the Medical-Vocational Rules was used only as a framework. (Tr. 18). Based on vocational expert testimony, the ALJ determined that, through the date last insured, and considering plaintiff's RFC, age, education, and past relevant work experience, plaintiff was capable of making a successful adjustment to other work that existed in significant numbers in the regional and national economies, *viz.*, light unskilled work – folding machine operator, bakery line worker, and photograph finisher. (Tr. 18-19). The ALJ determined a finding of "not disabled" was appropriate under the Medical-Vocational Rules framework, and concluded plaintiff was not under a disability at any time from July 1, 1989, the alleged onset date, through June 30, 1996, the date last insured. (Tr. 19).

Upon the Appeals Council's denial of plaintiff's request for review on August 25, 2010, the ALJ's determination that plaintiff was not under a disability during the relevant time period

became the final decision of the Commissioner.  (Tr. 3-5).  Plaintiff now seeks judicial review of the denial of benefits pursuant to 42 U.S.C. § 405(g).

## II.
## STANDARD OF REVIEW

In reviewing disability determinations by the Commissioner, this Court's role is limited to determining whether substantial evidence exists in the record, considered as a whole, to support the Commissioner's factual findings and whether any errors of law were made. *Anderson v. Sullivan*, 887 F.2d 630, 633 (5th Cir. 1989).  To determine whether substantial evidence of disability exists, four elements of proof must be weighed: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history.  *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citing *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir. 1972)).  If the Commissioner's findings are supported by substantial evidence, they are conclusive, and the reviewing court may not substitute its own judgment for that of the Commissioner, even if the court determines the evidence preponderates toward a different finding.  *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980).  Conflicts in the evidence are to be resolved by the Commissioner, not the courts, *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977), and only a "conspicuous absence of credible choices" or "no contrary medical evidence" will produce a finding of no substantial evidence.  *Hames v. Heckler*, 707 F.2d at 164.  Stated differently, the level of review is not *de novo*.  The fact that the ALJ <u>could</u> have found plaintiff to be disabled is not the issue.  The ALJ did not do this, and the case comes to federal court with the issue being limited to whether there was substantial evidence to support the ALJ

decision.

### III.
### ISSUE

Plaintiff argues the ALJ committed reversible error in his decision by failing to consider or discuss the VA's disability determination, give proper weight to the VA's determination, or "adequately explain the valid reasons" for the evidentiary weight given to the VA determination.

### IV.
### MERITS

On June 23, 1994, the VA granted plaintiff an "extraschedular permanent and total disability rating" based on his level of disability and other factors, such as his age, education and occupational background. (Tr. 407; 568). This Rating Decision was made a part of the administrative record prior to the ALJ's decision (Tr. 401), and the transcript of the hearing reflects the ALJ was aware of the VA determination at the time of the hearing even if the documentation supporting it was not submitted until a later date. In fact, the ALJ at the administrative hearing stated he considered the VA records "critical." In his administrative decision, however, the ALJ only referenced the VA disability determination with the comment "the VA found him [plaintiff] disabled in 1993." (Tr. 15).

A VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different. *See* 20 C.F.R. § 404.1504 ("[A] determination made by another agency that you are disabled ... is not binding on [the SSA]."). However, the VA rating is evidence that must be considered by the ALJ and it is entitled to a certain amount of weight. *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001);.*see also*

SSR 06–03p, 2006 WL 2329939 at *6 (S.S.A. Aug. 9, 2006) ("[E]vidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered."). A VA disability determination is entitled to "great weight" in most cases, however, the relative weight to be given to the determination varies depending upon the factual circumstances of each case. *Id*. Thus, while an ALJ need not give "great weight" to a VA disability determination, if he declines to do so, he must "adequately" explain the valid reasons for not doing so. *Id*.; *see also* SSR 06–03p (adjudicator should explain the consideration given to disability decisions by other agencies). The failure to follow this rule is legal error requiring reversal. *See Rich v. Astrue*, No. 3-10-CV-2064, 2011 WL 6606651 (N.D. Tex. December 22, 2011).

Here, the ALJ mentioned, in the text of his May 13, 2010 decision, that the VA had found plaintiff disabled in 1993. *Cf. Loza v. Apfel*, 210 F.3d 378, 394 (5th Cir. 2000) (ALJ did not mention VA rating); *Rich*, *supra* at *3 (ALJ did not even mention VA rating); *Arebalo v. Astrue*, No. 4-09-CV-0496-A, 2010 WL 6571087 at *3 (N.D. Tex. Oct.7, 2010), *rec. adopted*, 2011 WL 1633137 (N.D. Tex. April 29, 2011) (ALJ wholly failed to mention VA rating). This was the extent of the ALJ's reference to the VA findings and rating in his decision. The ALJ did <u>not</u> discuss the VA determination of disability in any manner, nor is there any indication that the VA rating was scrutinized by the ALJ. *Cf. Beltran v. Astrue*, No. 4-09-111, 2010 WL 519760 at *4 (S.D. Tex. Feb.9, 2010) (ALJ referenced benefits but did not discuss disability determination); *J.W.M. v. U.S. Comm'r Soc. Sec. Admin*, 2009 WL 3645101 at *2 (W.D. La. Oct. 30, 2009) (ALJ mentioned disability rating, noting it was not binding, but did not discuss disability determination); *McCown v. Astrue*, 2008 WL 706704, *17 (S.D. Tex. March 14, 2008) (ALJ

only acknowledged VA rating in decision, reciting that the rating was not binding and was inconsistent with objective medical record); *Welch v. Barnhart*, 337 F.Supp.2d 929, 935-36 (S.D. Tex. 2004) (ALJ failed to discuss VA rating and totally disregarded rating). Some level of discussion and/or scrutiny of the VA disability determination is required. *Cf. Loza*, 219 F.3df at 394-95 (ALJ did not scrutinize rating); *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981) (VA rating should have been more closely scrutinized by the ALJ); *De-Paepe v. Richardson*, 464 F.2d 92, 1001 (5th Cir. 1972) (ALJ did not give VA rating any consideration); *McCown*, *supra*, at 17 (ALJ did not scrutinize rating). The ALJ did not explain his reasons for not giving "great weight" to the VA awarding plaintiff permanent and total disability.[3] *Cf. Beltran*, *supra*, at *2 (ALJ provided no reasons why that determination was not entitled to great weight); *J.W.M.*, *supra*, at *2 (no explanation of valid reasons for not giving great or some other level of weight to the VA decision). Reasons given for giving diminished weight to a disability determination should be specific to that determination.[4]

    Defendant argues the ALJ did not commit legal error because the "ALJ's extensive analysis of the medical evidence of record included many valid reasons for not giving 'great weight' to the VA disability rating. While there is no bright-line rule in the case law or regulations setting forth what level of explanation or discussion of valid reasons is necessary to be considered adequate, the ALJ's decision must show meaningful consideration of the VA

---

[3]The undersigned acknowledges the VA found the combined percentile of plaintiff's disability to be 50% yet, considering plaintiff's level of disability, age, education and occupational background, determined an "extraschedular permanent and total disability" was authorized. The significance of these findings is outside the scope of the issue before this court.

[4]Of course, VA rating decisions could be entirely irrelevant, if, for example, they pertain to impairments unrelated to the social security claim, or if there is truly no evidence to link the rating with the claimant's coverage period. Such is not the case here, and it was reversible error for the ALJ to fail to consider the VA rating or, if considered, to fail to discuss and to fail to state valid reasons for giving the rating diminished weight.

disability determination and provide specific reasons for giving the determination diminished weight. *Cf. Chambliss*, 269 F.3d at 523.  Here, while the ALJ did thoroughly analyze the medical evidence of record, he failed to discuss and/or explain how such evidence warranted giving the VA rating little or no weight.  Further, in the opinion of the Court, defendant's argument misses the mark.  The question is not whether the medical records could support a finding of not disabled notwithstanding the VA disability rating, but instead, the question is whether the ALJ would have so found.  We cannot know what the ALJ would have done unless he discusses the VA rating and sets out the reasons he found which would warrant rejecting the VA disability rating.

Under these circumstances, considering Fifth Circuit precedent and case law developed in other courts, the undersigned finds the ALJ's failure to discuss at all the VA disability determination was reversible error.  As such, this case must be reversed and remanded for the ALJ to afford the VA disability rating the proper evaluation and/or consideration.

The court again notes that while case law, statutes and regulations hold a decision by another governmental agency is not binding in the Social Security disability determination, some level of consideration of a disability rating is required.  Consequently, on remand the ALJ must consider the VA determination along with other relevant evidence.  In the event the ALJ chooses to give the VA rating diminished weight or some other level of weight other than "great weight," there must be some explanation of valid reasons set forth in the ALJ's decision.  Failure to do so supports a finding that the ALJ dismissed the VA decision out of hand without any consideration of the VA disability finding.

V.
RECOMMENDATION

It is the opinion and recommendation of the undersigned United States Magistrate Judge to the United States District Judge that the decision of the defendant Commissioner finding plaintiff not disabled and not entitled to a period of benefits be REVERSED, and the case REMANDED to the Commissioner for consideration of the VA's disability determination.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 9th day of March, 2012.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* <u>**NOTICE OF RIGHT TO OBJECT**</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).